E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00187-S4**
1/11/2022 3:47 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**KATINA BOOKER**

**8237 DUNWOODY PLACE BUILDING 18**

**ATLANTA, GA 30350**

CIVIL ACTION NUMBER: 22-C-00187-S4

PLAINTIFF

VS.

**QUIKTRIP CORPORATION**

**JOHN DOE, JANE DOE,**

**ABC CORP AND XYZ CORP**

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

VANGELIS ZAFIROULIS
HAUG LAW GROUP
8237 DUNWOODY PLACE BUILDING 18
ATLANTA, GA 30350

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.  12th day of January, 2022

TIANA P. GARNER
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00187-S4**
**1/11/2022 3:47 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| KATINA BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO: 22-C-00187-S4 |
| QUIKTRIP CORPORATION, JANE DOE, | ) | |
| JOHN DOE, XYZ CORP, And ABC CORP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### COMPLAINT

COMES NOW, KATINA BOOKER (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against QUIKTRIP CORPORATION (Defendant) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendant, Plaintiff's Request of Production to Defendant, and Plaintiff's Request for Admissions to Defendant.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff is an individual and resident of Clayton County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant because Defendant is registered to do business in the state of Georgia.

4.

Venue is proper as to Defendant because Defendant's registered agent is located in Gwinnett County, Georgia.

5.

Defendant's registered agent, C T Corporation System, may be served with a copy of this Complaint and Summons at 289 S Culver St, Lawrenceville, GA, 30046.

### FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

6.

On or about July 9, 2020, the date of her injuries, Plaintiff was an invitee of Defendant in accordance with the provisions of O.C.G.A. § 51-3-1, et seq., while QuikTrip located at 4571 Old Dixie Road, Forest Park, GA 30297 (hereinafter "the premises").

7.

Plaintiff, while a lawful invitee on the premises, got a drink from the fountain dispensary, reached out for a lid, and unexpectedly slipped on clear liquid that had not wet floor sign.

8.

As a result of the fall, Plaintiff suffered serious bodily injuries, requiring subsequent medical treatment.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reassert said allegations as if fully set forth herein.

9.

The Defendant failed to meet common law and statutory duties pursuant to O.C.G.A. §§ 51-3-1 and 51-3-2, et al., to exercise ordinary care in keeping the premises and approaches safe and to protect Plaintiff from unreasonable risks of foreseeable harm.

10.

The Defendant was negligent in failing to keep the premises safe and in repair, as required by law. As the direct and proximate result of Defendant's negligence in failing to keep the premises safe, Plaintiff slipped on liquid on the floor, causing her to sustain personal injuries now and in the future, including bodily injury, pain and suffering.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff incurred medical expenses, in an amount to be proven at trial, for the treatment of the injuries Plaintiff sustained that were caused solely and proximately by Defendant's negligence.

12.

As a direct and proximate result of the Defendant's negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

13.

As a direct and proximate result of the Defendant's negligence, Plaintiff incurred lost wages in an amount to be proven at trial.

14.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

15.

The Defendant had actual or constructive knowledge of the condition or conditions on the premises which led to the Plaintiff's injuries.

16.

Plaintiff was without fault in causing the aforementioned incident.

**WHEREFORE**, the Plaintiff prays:

1. That Defendant be served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendant for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 11th day of January 2022.

**HAUG LAW GROUP, LLC**

_/s/ Vangelis Zafiroulis_
Vangelis Zafiroulis
Georgia Bar No.: 547832
William T. "Billy" Joyner
Georgia Bar No.: 222755
*Attorneys for Plaintiffs*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Vangelis@hauglawgroup.com
Wjoyner@hauglawgroup.com

Case 1:22-cv-00715-TWT   Document 1-1   Filed 02/21/22   Page 7 of 11

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-00187-S4**
**2/17/2022 1:29 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| KATINA BOOKER, | ) | |
|       Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | |
| QUIKTRIP CORPORATION, JANE DOE, JOHN DOE, XYZ CORP, AND ABC CORP, | ) ) ) ) ) | FILE NO. 22-C-00187-S4 |
|       Defendants. | ) | |

### **DEFENSES AND ANSWER**

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially without submitting to the jurisdiction and venue of this Court, and files its Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### **FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### **SECOND DEFENSE**

Jurisdiction is improper as to this Defendant.

### **THIRD DEFENSE**

Venue is improper as to this Defendant.

### **FOURTH DEFENSE**

### **ANSWER**

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant admits the averments contained in paragraph 1 of Plaintiff's Complaint.

## PARTIES, JURISDICTION AND VENUE

Defendant incorporates by reference its responses to paragraph 1 of Plaintiff's Complaint as if fully set forth herein below.

2.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the averments contained in paragraph 5 of Plaintiff's Complaint.

## FACTS APPLICABLE TO ALL CLAIMS

Defendant incorporates by reference its responses to paragraphs 1-5 of Plaintiff's Complaint as if fully set forth herein below.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiff's Complaint.

## COUNT I - NEGLIGENCE

Defendant incorporates by reference its responses to paragraphs 1-8 of Plaintiff's Complaint as if fully set forth herein below.

9.

Defendant denies the averments contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

## FIFTH DEFENSE

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint. Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

        Respectfully submitted,

        **DOWNEY & CLEVELAND, LLP**

        By: /s/ Sean L. Hynes
            Sean L. Hynes
            Georgia State Bar No. 381698
            hynes@downeycleveland.com
            Attorneys for Defendant Quiktrip Corporation

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Vangelis Zafiroulis, Esq.
William T. "Billy" Joyner, Esq.
Haug Law Group, LLC
8237 Dunwoody Place
Atlanta, Georgia 30350

This 17th day of February, 2022.

                                        **DOWNEY & CLEVELAND, LLP**

                                        By:   /s/ Sean L. Hynes
                                                 Sean L. Hynes
                                                 Georgia State Bar No. 381698